**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**BETTY ANN MILLS,**

                                   **Plaintiff,**                                                    **5:11-cv-955**
                                                                                                     **(GLS)**

                              **v.**

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,[1]

                                   Defendant.

_____

APPEARANCES:                                           OF COUNSEL:

FOR THE PLAINTIFF:
Olinsky Law Group                                      HOWARD D. OLINSKY, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202


**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN                 SERGEI ADEN
United States Attorney                                 Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

_____

          [1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social
Security, for defendant Michael J. Astrue, and amend the caption accordingly.  _See_ Fed. R.
Civ. P. 25(d).

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Betty Ann Mills moves for an award of attorney fees under

the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (*See* Dkt.

No. 18.)  In response, the Commissioner of Social Security claims that

Mills is not entitled to any fees as the commission was "substantially

justified" in its defense of the administrative denial of Mills' benefits.  (Dkt.

No. 19 at 1-6.)  Alternatively, the Commissioner claims that "special

circumstances in this case make an award of EAJA fees unjust."  (*Id.* at 6-

8.)  For the reasons that follow, Mills' motion is granted, however, the fee

requested is reduced.

### II. Background

On August 12, 2011, Mills commenced the present action

challenging the Commissioner's denial of Disability Insurance Benefits

(DIB) and Supplemental Security Income (SSI) under the Social Security

Act ("the Act").  (*See generally* Compl.)  On December 21, 2012, this court

entered an Order remanding the case to the Commissioner, pursuant to

sentence four of 42 U.S.C. § 405(g), for further proceedings.  (*See* Dkt. No. 16.)  Mills now seeks a total of $9,429.49 in attorney's fees and costs pursuant to the EAJA.  (*See* Dkt. No. 18 at 1; Dkt. No. 20 at 9.)

### III.  Standard of Review

Under the EAJA,

> "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action[,] including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### IV.  Discussion

### A.  Substantial Justification

A plaintiff seeking attorney's fees under the EAJA must allege that the government's underlying position was not substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(B).  Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified.  *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999).  In order to determine whether the government was "'substantially justified,' courts are to apply a standard of reasonableness."

3

*Green v. Bowen*, 877 F.2d 204, 207 (2d Cir.1989) (quoting *Pierce v.*

*Underwood*, 487 U.S. 552, 565 (1988)).  While the substantial justification

standard "should not be read to raise a presumption that the [g]overnment

position was not substantially justified, simply because it lost the case,"

*Cohen v Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (internal quotation

marks and citations omitted), the government has the burden of proof on

the substantial justification issue and a "strong showing" is required to

satisfy this burden, *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085

(2d Cir. 1983); *see Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987)

(holding that the government must show that its action was justified in law

and fact).  The standard "is a middle ground between the automatic

awarding of fees to a prevailing party, and the allowance of a fee award

only where the government is arbitrary and frivolous."  *Cohen*, 837 F.2d at

585 n.4 (internal quotation marks omitted).

Here the Commissioner argues that the government's case had a

reasonable basis in law and fact and, thus, Mills is not entitled to any

attorney's fees.  (*See* Dkt. No. 19 at 1-6.)  Specifically, the Commissioner

contends that, because Mills failed to present any evidence to support the

presence of a mental impairment, the ALJ's inclusion in his residual

functional capacity (RFC) determination of functional limitations accounting

for such impairment, that were not supported by substantial evidence, was

harmless error.  (*See id.* at 3-4.)  However, "[i]t is a well-settled rule in the

Second Circuit that the Commissioner must affirmatively develop the

administrative record due to the essentially non-adversarial nature of a

benefits proceeding."  *Felder v. Astrue*, No. 10-cv-5747, 2012 WL

3993594, at *11 (E.D.N.Y. Sept. 11, 2012) (quoting *Garcia v. Apfel*, No. 98

CIV. 1370, 1999 WL 1059968, at *5 (S.D.N.Y. Nov.19, 1999)); *see Rosa v.

Callahan,* 168 F.3d 72, 79 (2d Cir. 1999).  Here, Mills reported that she

was being treated for depression, had been prescribed medication for such

impairment, and experienced difficulty interacting with others due to such

impairment—a functional limitation not accounted for in the ALJ's RFC

determination.  (*See* Tr.[2] at 52-55, 78, 226, 228).  Thus, the ALJ's failure,

during the administrative proceeding, to develop the record fully with

respect to Mills' mental impairment was not reasonable.  *See Vincent v.

Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir.2011) ("The duty of the

ALJ, unlike that of a judge at trial, is to investigate and develop the facts

---

[2] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 10.)

and develop the arguments both for and against the granting of benefits.")
(internal quotation marks and citations omitted))*; cf. Haskins v. Comm'r of
Soc. Sec.*, Civ. No. 5:05-CV-292, 2008 WL 5113781, at *7 n.5 (N.D.N.Y.
Nov. 25, 2008).

Further, according to the Commissioner, the position that the record
was adequately developed with respect to Mills physical limitations was
substantially justified because: (1) the treatment notes of her treating
physicians did not indicate more than minimal limitations; and (2) the lack
of a medical source statement does not make a medical report incomplete.
(*See* Dkt. No. 19 at 4-6.)  Specifically, prior to undergoing aortic valve
replacement, Mills' treating physician restricted her from lifting, pushing, or
pulling over thirty pounds, which restriction he continued after the
procedure.  (*See id.*; Tr. at 386.)  Immediately after the procedure, Mills
was restricted from driving, performing heavy exertion, or lifting more than
five pounds for three weeks until her followup visit, at which time no
limitations were specified.  (*See* Dkt. No. 19 at 4; Tr. at 289, 410.)  Other
than these restrictions contained in treatment records regarding her aortic
valve disorder, the ALJ had no opinion regarding Mills' functional abilities
from any medical source to rely on.

Given that the ALJ found Mills to suffer from numerous severe impairments, including central disc herniation, canal stenosis, osteophytes, atelectasis, and obesity, and that Mills reported difficulty sitting, walking, climbing stairs, kneeling, squatting, and reaching as well as experiencing chronic shortness of breath and fatigue, (*see* Tr. at 47-52, 77, 225-26), the limited evidence in the record of Mill's functional limitations was not sufficient evidence to rely on in making his RFC determination.  *See* 20 C.F.R. 404.1512(e) (2012) (indicating that when the evidence the Commissioner receives from treating physicians or other medical sources is inadequate to determine whether the claimant is disabled, additional information will be requested);[3] *Dailey v. Astrue*, No. 09-CV-0099, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (explaining that, in the absence of evidence of a claimant's functional limitations, an ALJ should order a consultative examination or attempt to contact treating physicians to complete the record in order to make a proper RFC determination). Accordingly, in light of the ALJ's burden to fully develop the record, the court concludes that the Commissioner was not substantially justified in

---

[3] As of March 26, 2012, the Commissioner amended 20 C.F.R. § 404.1512 to remove subsection (e).  *See Lowry v. Astrue*, 474 F. App'x. 801, 805 n.2 (2d Cir. 2012).  However, this court should apply the regulation in force at the time of the ALJ's opinion. *See id.*

defending the administrative denial.

## B.    Special Circumstances

In rare situations equitable considerations make an award of

attorney's fees under the EAJA unjust.  *See, e.g.*, *United States v. 27.09*

*Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994).  The Second Circuit has

held that a fee award may be denied "'where all of the fees were expended

on discrete efforts that achieved no appreciable advantage, and where the

claim of the prevailing party rests on a result to which the claimant made

no contribution.'"  *Firstland Int'l, Inc., v. U.S. Immigration & Naturalization*

*Servs.*, 264 F. App'x. 22, 25 (2d Cir. 2008) (quoting *27.09 Acres of Land,*

43 F.3d at 773).  In the context of Social Security appeals, "[b]ecause of

the ALJ's duty to investigate, if counsel's entitlement to fees is questioned

due to an undeveloped record, it must be clear that counsel bore primary

responsibility for those deficiencies before the fee recovery is reduced."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011).

Here, the Commissioner contends that "[t]here is no indication that

[Mills], on her own or through her representative, ever indicated to the ALJ

that a medical source statement was required for the ALJ to adjudicate her

claim [or] attempted to submit any additional medical evidence to the

Appeals Council." (Dkt. No. 19 at 7.)  Nevertheless, the court does not find

that these omissions constitute special circumstances sufficient to deny

EAJA fees.  Indeed, Mills argued before the ALJ and Appeals Council,

through her counsel, that she was being treated for depression which

caused her limitations that kept her from working.  (*See* Tr. at 52-55, 261-

62, 266-67.)  In addition, Mills notified the ALJ and Appeals Council of

outstanding medical records from Pulmonary Health Physicians and

University Hospital, and argued before the Appeals Council that the ALJ

erred by failing to "re-contact [her] treating sources to obtain an opinion of

[her] limitations." (*Id* .at 267-68.)  As such, and in light of the ALJ's duty to

investigate and develop the facts, it cannot be conclusively said that

counsel bore primary responsibility for the deficit in the record or that

counsel failed to meet the obligation "to assist the claimant in bringing to

[the Commissioner's] attention everything that shows that the claimant is

disabled."  20 C.F.R. § 404.1740(b)(1); *see Vincent*, 651 F.3d at 305.

Accordingly, the court finds that an award of fees under the EAJA is

appropriate.

## C.   <u>The Award</u>

The EAJA provides for the allowance of "reasonable attorney fees."

9

28 U.S.C. § 2412(d)(2)(A).  "The most useful starting point for determining

the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate."  *Manning

v. Astrue*, No. 5:09-CV-88, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29,

2011) (internal quotation marks and citations omitted).  The applicant has

the burden of establishing to the court's satisfaction the reasonableness of

the hours expended and rates charged.  *See Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983).  With respect to hours expended, "[d]istrict courts in

the Second Circuit have held that, on average, an attorney spends twenty

to forty hours on routine social security cases."  *Coughlin v. Astrue*, No. 06-

CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009).  With

respect to the rate charged, section 2412(d)(2)(A) dictates that "attorney

fees shall not be awarded in excess of $125 per hour unless the court

determines that an increase in the cost of living or a special factor, such as

the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee."

Here, Mills seeks an award of attorney's fees of $8,701.31.  (*See*

Dkt. No. 18 at 1.)  The calculation of attorney's fees is based on a total of

5.6 hours worked in 2011 at a rate of $185.04 per hour, 38.3 hours worked

in 2012 at a rate of $187.87 per hour, and 2.5 hours worked in 2013 at a

rate of $187.87.  (*See id.*)[4]  The rates adduced by Mills, which have been

adjusted based on the Consumer Price Index to account for a cost-of-living

increase, (*see* Dkt. No. 18, Attach. 1 ¶ 6), are unopposed by the

Commissioner, (*see* Dkt. No. 19), and are reasonable.  However, in light of

the fact that the underlying action presented no novel legal issues, the 496-

page administrative transcript was not unusually burdensome, and the

same law firm represented Mills in her administrative proceedings, the

generally accepted twenty-to-forty hour range appears sufficient, and the

number of hours for which Mills is entitled to receive attorney's fees is

reduced to forty.  Accordingly, Mills is entitled to a total award of $7,569.59,

which is comprised of $56 in administrative fees, $14.64 in costs, and

$7,498.95 in attorney's fees.[5]

Mills assigned her interest in attorney's fees and costs, and requests

that they be paid directly to her attorney.  (*See* Dkt. No. 18, Attach. 2 ¶ 5.)

"The fact that the [EAJA] awards to the prevailing party fees in which her

---

[4] Mills further seeks an additional $657.54 for 3.5 hours spent in 2013 completing the reply papers relating to the instant motion.  (*See* Dkt. No. 20 at 9.)

[5] The attorney's fee calculation is based on 5.6 hours worked in 2011 at a rate of $185.04 per hour, and 34.4 hours worked in 2012 at a rate of $187.87 per hour.

attorney may have a beneficial interest or a contractual right does not,"

however, "establish that the statute 'awards' the fees directly to the

attorney." *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526 (2010). Instead, the

EAJA "'awards' the fees to the litigant, and thus subjects them to a federal

administrative offset if the litigant has outstanding debts." *Id*. at 2527.

Accordingly, consistent with the application of *Ratliff* within this Circuit, "'the

name on the check must be plaintiff's and not her attorney's.'" *Manning*,

2011 WL 6842617, at *2 (quoting *Scott v. Astrue*, No. 08-CV-910A, 2011

WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011)).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin,

Acting Commissioner of Social Security, for defendant Michael J. Astrue,

and amend the caption accordingly; and it is further

**ORDERED** that Mills' motion for attorney's fees and costs (Dkt. No.

18) is **GRANTED**, but the award is reduced to $7,569.59, which is

comprised of $56 in administrative fees, $14.64 in costs, and $7,498.95 in

attorney's fees; and it is further

**ORDERED** that the award be made payable directly to Mills, not her

attorney; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

April 11, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court